**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| EDWIN LIONEL JONES, :<br>     Petitioner :<br>:<br>v. :<br>:<br>UNITED STATES OF AMERICA, :<br>     Respondent :<br>: | 1:05-CV-11 (WLS)<br><br>1:97-CR-018 (WLS) |

## **ORDER**

Before the Court is a Recommendation from United States Magistrate Judge G. Mallon Faircloth (Doc. 282) filed on July 7, 2005, recommending the denial of Petitioner's Motion to Vacate, Set Aside, or Correct his sentence filed pursuant to 28 U.S.C. § 2255.  (*See* Doc. 277). Petitioner filed his objection to this recommendation on July 20, 2005.  (Doc. 283).

In his recommendation, the Magistrate Judge found the instant petition to have been filed more than four and one-half years after the expiration of the one-year period of limitation imposed by the Anti-Terrorism and Effective Death Penalty Act, partially codified at 28 U.S.C. § 2255.   As a matter of law, Petitioner's petition should be dismissed as untimely. *See* Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999).

Petitioner's objections that this Court did not issue an order referring the instant motion to the Magistrate Judge, that he received no notice thereof, and that he did not consent to said referral are disingenuous and without merit.  The Court issued an Order referring Petitioner's motion to the Magistrate Judge on January 25, 2005.  (Doc. 278).  Petitioner was served a copy of the Court's Order by United States Postal Service the same day.  (Doc. 279).  Accordingly, Petitioner was fully aware that the motion was before the Magistrate Judge pursuant to what is essentially a standing order of this court.  Plaintiff raised objections regarding said referral only after Judge Faircloth issued the instant Recommendation. (Doc. 283).   In any case, the district judge determines the disposition of petitioners' motions notwithstanding their initial referral.

Petitioner incorrectly relies upon Fed. R. Civ. P. 8(d) in support of his argument that the Government concedes any claims he makes challenging this Court's jurisdiction over the instant

case by electing not to challenge said claims directly.    Section 2255 permits the Court to determine jurisdictional issues in motions attacking sentences *sua sponte*, without requiring the parties to raise these issues.

Petitioner's remaining objections are reiterations of substantive claims argued in his Motion and addressed by the Magistrate Judge in his Recommendation.  (Doc. 282; *see also* Docs. 277, 283)[1].  Since the Court finds his petition untimely, it does not reach the merits contained therein notwithstanding his attempt to recast them as objections to the instant Recommendation.  Petitioner's objections to the Recommendation are therefore **OVERRULED**.

Upon full review and consideration upon the record, the Court finds that said Recommendation (Doc. 282) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made, conclusions reached, and reasons stated herein. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct his sentence (Doc. 277) is **DENIED**.

**SO ORDERED**,  this  9th  day of December, 2005.


    /s/W. Louis Sands
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Defendant specifically alleges: improper use of the pre-sentencing report, improper amendment of the indictment, and the existence of future prosecution in violation of rules against double jeopardy. (Docs. 277, 283).